UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JACKIE LEE BANKS** | : | **DOCKET NO. 2:06-cv-2290**<br>**Section P** |
| **VS.** | : | **JUDGE MINALDI** |
| **UNITED STATES OF AMERICA, ET AL.** | : | **MAGISTRATE JUDGE WILSON** |

### REPORT AND RECOMMENDATION

Currently before the court is a petition for writ of *habeas corpus* filed by *pro se* petitioner, Jackie Lee Banks. By this petition, petitioner challenges the decision of the warden to deny him placement in a Residential Re-entry Center (RRC), also known as a half-way house and/or Community Corrections Center. This matter has been referred to the undersigned magistrate judge for review, report, and recommendation in accordance with 28 U.S.C. § 636(b)(1)(B).

Following the initial review of this petition, it was unclear whether petitioner had exhausted the available administrative remedies through the procedure established by the Bureau of Prisons. Accordingly, the court directed petitioner to file an amended complaint and to provide documentary proof that he fully exhausted the administrative remedies in connection with the claim presented in his petition. Petitioner has filed an amended petition and exhibits.

In petitioner's amended petition, he states that in June, 2006, after his arrival at FCI-Oakdale, he was advised by personnel in the Eastern District of Michigan that he was eligible for placement in a halfway house for 6 months, beginning January 7, 2007. However, the warden at FCI-Oakdale subsequently denied petitioner's request for placement in an RRC. *See* Doc. 7, pp.22-23. This decision was based upon a finding that petitioner posed a significant risk to the community and the

decision by the Psychology Department not to recommend petitioner's transfer to an RRC. *Id.* This decision was affirmed by the Regional Director on January 4, 2007. *See* Doc. 7, p.26. Thereafter petitioner filed an appeal with the Central Office at the national level. However, this appeal was rejected because petitioner failed to comply with certain procedural requirements. He was given 15 days in which to re-submit his appeal. *See* Doc. 7, p.29. There is nothing to indicate that petitioner has re-submitted his appeal to the Central Office.

Petitioner claims that the warden denied him placement in an RRC in retaliation for petitioner's filing an administrative grievance against certain staff members at FCI-Oakdale. He seeks to have this court order his placement in an RRC or halfway house.

## LAW AND ANALYSIS

I.  **Exhaustion of Administrative Remedies**

Exhaustion of administrative remedies through the BOP is required before a prisoner seeks judicial review of a sentence computation. The United States Supreme Court has noted that federal regulations afford prisoners administrative review of the computation of their credit for time served and that inmates seeking judicial review of that computation may do so after exhausting their administrative remedies. *United States v. Wilson*, 112 S.Ct. 1351, 1355 (1992) citing 28 CFR § 542.10-542.16; *see also United States v. Gabor*, 905 F.2d 76, 78 n. 2 (5th Cir. 1990)("[n]ot only must a petitioner seeking credit on his sentence file his petition pursuant to § 2241, but he must first exhaust his administrative remedies through the Bureau of Prisons."); *McMahon v. Fleming,* 2005 WL 1940151 (5th Cir. 2005).

The Fifth Circuit Court of Appeals has held that a petitioner seeking *habeas corpus* relief under 28 U.S.C. §2241 is required to exhaust his administrative remedies. *Rourke v. Thompson*, 11 F.3d 47

(5th Cir. 1993). In *Rourke* the court stated:

> [T]his court has determined that a § 2241 petitioner "must first exhaust his administrative remedies through the Bureau of Prisons." *United States v. Gabor*, 905 F.2d 76, 78 n. 2 (5th Cir. 1990); see also *Lundy v. Osborn*, 555 F.2d 534, 534-535 (5th Cir. 1977) ("[G]rievances of prisoners concerning prison administration should be presented to the Bureau [of Prisons] through the available administrative channels. Only after such remedies are exhausted will the court entertain the application for relief in an appropriate case.").

In the present case, petitioner sought review of his administrative claim at the national level. However, his grievance was rejected because he failed to properly file it. Despite being given an opportunity to re-submit the BP-11, petitioner failed to do so. Thus, petitioner has not properly exhausted the available administrative remedies.

## II.  Merits

Notwithstanding petitioner's failure to properly exhaust the available administrative grievance procedure, he is not entitled to the relief sought.

Petitioner's claim that he is entitled to placement in an RRC is based upon 18 U.S.C. § 3624(c) which states in pertinent part as follows:

> Pre-release custody.-- The Bureau of Prisons shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed six months, of the last 10 per centum of the term to be served under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community.

While this statute does employ mandatory language, courts have rejected the claim that § 3624(c) creates a protected liberty interest in half-way house placement or that it encroaches on the BOP's discretion and authority to determine where prisoners may be confined during the pre-release period. *See Prows v. Fed. Bureau of Prisons*, 981 F.2d 466, 469-70 (10th Cir. 1992); *United States v. Laughlin*, 933 F.2d 786, 789 (9th Cir. 1991); *Tunnicliffe v. Bureau of Prisons,* 2006 WL 1360802 (E.D. Ky 2006); *Ready v. Fleming*, 2002 WL 1610584 (N.D. Tex. 2002); *see also United States v.*

*Sneed*, 63 F.3d 381, 389 n.6 (5th Cir. 1995).

Because § 3624(c) does not create a protected liberty interest, petitioner's claim that he is entitled to be placed in an RRC must fail.

To the extent that petitioner claims he has been denied placement in an RRC in retaliation for his complaint against staff members at FCI-Oakdale, the court finds that there is no evidence to support a claim of retaliation. Moreover, the evidence in the record indicates that petitioner was denied placement in an RRC based upon legitimate reasons, i.e. petitioner's record which suggests a substantial or continuing threat to the community. *See* Doc. 7, p.26 (Regional Director's denial).

For these reasons,

IT IS RECOMMENDED that the petition be DENIED AND DISMISSED.

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, April 18, 2007.

ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE